FILED
DISTRICT CLERK OF
JEFFERSON CO TEXAS
1/19/2021 12:00 AM
JAMIE SMITH
DISTRICT CLERK
A-203194

CAUSE NO. A-0203194

| | | |
|---|---|---|
| JUAN VEGA | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | |
| | § | |
| ARENDAL S. DE R.L. DE C.V., | § | JEFFERSON COUNTY, TEXAS |
| CAL DIVE INTERNATIONAL, INC., | § | |
| CROWLEY TECHNICAL MANAGEMENT, | § | |
| INC. and MARINE MANAGEMENT | § | |
| SERVICES, INC. | § | 58th JUDICIAL DISTRICT |

## PLAINTIFF'S THIRD AMENDED ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, JUAN VEGA, hereinafter referred to as Plaintiff, complaining of ARENDAL S. DE R.L. DE C.V., CAL DIVE INTERNATIONAL, INC., CROWLEY TECHNICAL MANAGEMENT, INC., and MARINE MANAGEMENT SERVICES, INC., hereinafter referred to as Defendants, and for cause of action, would respectfully show the Court and Jury the following:

### I. MISNOMER

Plaintiff originally named the wrong Crowley entity as a defendant in this action. Plaintiffs incorrectly named Crowley Maritime Corporation as the defendant in previous petitions when the correct defendants should have been Crowley Technical Management, Inc., and Maritime Management Services, Inc.

Crowley Maritime Corporation is a holding company, and Defendant Crowley Technical Management, Inc., and Defendant Maritime Management Services, Inc., are subsidiaries of Crowley Maritime Corporation. By virtue of service on Crowley Maritime Corporation, Defendant Crowley Technical Management, Inc., and Defendant Maritime Management Services,

Inc., had timely notice of the claim, knew that they were the intended target of Plaintiff's claim, were aware of the facts, were not misled, and were not disadvantaged in preparing a defense.

## II. PARTIES

Plaintiff is an individual resident of Port Arthur, Texas.

Defendant, ARENDAL S. DE R.L. DE C.V., is a non-resident foreign corporation, organized and formed under the laws of Mexico. Service upon this Defendant is not necessary at this time. Defendant has already been served through Texas Secretary of State, and service was requested and is pending through Hague Convention on the Service Abroad of Judicial and Extra-Judicial Documents in Civil or Commercial Matters, although Defendant has not yet filed an answer to this cause of action.

Defendant CAL DIVE INTERNATIONAL, INC., is incorporated in California and does business in Texas. Service upon this Defendant is not necessary at this time.  Defendant has already been served and has not yet filed an answer to this cause of action.

Defendant CROWLEY TECHNICAL MANAGEMENT, INC., does not maintain a designated agent for service of process in Texas. By the reason thereof, Plaintiff invokes the provisions of Art. 17.044 of the Civil Practice & Remedies Code, which provides that the Secretary of State of the State of Texas is agent for services of process upon Defendant.  Defendant may be served at:  9487 Regency Square Blvd N. Jacksonville, FL 32225.

Defendant MARINE MANAGEMENT SERVICES, INC. does not maintain a designated agent for service of process in Texas. By the reason thereof, Plaintiff invokes the provisions of Art. 17.044 of the Civil Practice & Remedies Code, which provides that the Secretary of State of the State of Texas is agent for services of process upon Defendant. Defendant may be served at: 1102 S.W. Massachusetts St., Seattle, WA 98134.

### III. Jurisdiction

Plaintiff is an individual entitled to receive benefits under the Federal Longshore and Harbor Workers Compensation Act, 33 U.S.C. §901 *et seq.*, where he asserts his cause of action under 33 U.S.C. §905(b), and pursuant to general civil and maritime law, and the jurisdiction of this Court is invoked under provisions of said Act.

### IV. Venue

Venue is proper in Jefferson County, Texas, because a substantial part of the event and/or omission giving rise to the claim occurred in said county.

### V. Factual allegations

Plaintiff, JUAN VEGA, alleges that on or about June 16, 2016, Plaintiff was walking through the engine room aboard of a vessel known as Texas Tobala, when he stepped on a fire blanket that was covering a hole, which caused him to fall several feet to the deck bellow and injure his back, right knee, and body generally.

At the time of this incident, Plaintiff was an employee of Gulf Cooper & Manufacturing Corporation and was working as a welder aboard the vessel owned by the Defendant ARENDAL S. DE R.L. DE C.V., under the directions of the vessel's captain and/or crew members that were provided and/or hired and/or trained and/or under the control of Defendants CAL DIVE INTERNATIONAL, INC., CROWLEY TECHNICAL MANAGEMENT, INC., and MARINE MANAGEMENT SERVICES, INC.

### VI. Negligence

Plaintiff would show that the incident made basis of this suit and his injuries and damages arose from the negligence of the Defendants, through their respective agents, servants and/or employees.

Plaintiff further alleges that Defendants, their agents, servants and/or employees negligently caused or permitted such condition to exist, in spite of the fact that Defendants' agents, servants and/or employees knew, or in the exercise of ordinary care should have known, of the existence of the dangerous condition and that there was a likelihood of someone being injured as happened to the Plaintiff.

Further, Defendants, their agents, servants and/or employees were guilty of certain acts and/or omissions, each and all amounting to reckless and/or negligence. Said acts and/or omissions include, without limitation, the following:

1. In failing to foresee the likelihood of injury imposed by its respective agents, servants and/or employees;

2. In failing to control the conduct of its respective agents, servants and/or employees;

3. In failing to use ordinary care to prevent foreseeable injury;

4. In failing to use ordinary care in training their crew members and/or employees;

5. In failing to use ordinary care in supervising their crew members and/or employees;

6. In failing to use ordinary care in taking precautions to protect the safety of others;

7. In failing to implement or install proper safety devices to prevent foreseeable injury to their crew members and/or contractors and/or others;

8. In failing to provide a reasonably safe workplace for their crew members and/or independent contractor and/or others;

9. In failing to inspect the premises for hazardous conditions;

10. In failing to provide sufficient lighting at the engine room;

11. In failing to eliminate or remove the unsafe and unreasonably dangerous conditions;

12. In failing to warn of latent and/or hidden dangers and/or hazardous conditions; and

13. In committing various acts and/or omissions of negligence, both statutory and common law, to be specified in detail at the time of trial.

According to the facts described above, Defendants knew or should have known of the existence of the hazardous and dangerous conditions on its premises, and that said Defendants had notice of this unreasonably dangerous condition and failed to eliminate and/or warn against it.

Each of the foregoing negligent acts and/or omissions, whether taken singularly or in combination, was a proximate cause of Plaintiff's injuries and damages, which are described below.

## VII. DAMAGES

As a proximate result of Defendants' negligent acts, conducts and/or omission, Plaintiff suffered damages and, therefore, brings this suit against the Defendants to recover:

1. Past medical bills and expenses incurred as a proximate result of the accident made the basis of this suit;

2. Future medical bills and expenses that in all reasonable probability will be incurred as a proximate result of the accident made the basis of this suit;

3. Mental anguish, physical pain and suffering, disability, and loss of enjoyment of life in the past and all reasonable probability, would be sustained in the future;

4. Physical impairment in the past and in the future;

5. Pre-judgment and post-judgment interest;

6. Loss of wages and loss of earning capacity; and

7. Such other and further items of damages as may be supplemented as a result of the discovery performed in this suit.

Plaintiff would show that the damages to be awarded herein is a matter lying largely, if not entirely, within the province of the Jury. In this regard, Plaintiff requests that the Jury award him fair and reasonable compensation for his damages. Based on the information currently available to Plaintiff, Plaintiff seeks monetary relief according to Texas Rules of Civil Procedure 47 (c)(4) to fairly and reasonably compensate him for his injuries, damages and losses.

## VII. GROSS NEGLIGENCE

Plaintiff further alleges that the Defendants' acts and/or omissions, directly and/or indirectly, as described herein, were the result of the Defendant's heedless and reckless disregard for the safety of Plaintiff. The Defendant's acts and/or omissions when viewed objectively involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others. Defendants had actual, subjective awareness of the risks involved, but nevertheless proceeded with conscious indifference to the rights, safety and welfare of others. By reason of the Defendants gross negligence and malice, Plaintiff hereby seeks recovery of exemplary damages.

## VIII. JURISDICTION

Plaintiff demands a jury trial and has tendered the appropriate fee.

## IIX. RULE 193.7 NOTICE

Plaintiff intends to use all Defendants' discovery responses as evidence at trial in accordance with such right and privileges established by Texas Rule of Civil Procedure 193.7.

## IX. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that the Defendants be cited to appear and answer herein as the law directs, and that upon final hearing, Plaintiff have and recover judgment of and from the Defendants pursuant to the above and foregoing allegations in such amounts as hereinabove set out and as the evidence may show proper at the time of trial; together with interest thereon at the legal rate, costs of Court, and for such other and further relief, both general and special, at law and in equity, to which Plaintiff may be justly entitled.

Respectfully submitted,

**PROVOST ★ UMPHREY LAW FIRM, L.L.P.**
490 Park Street
P.O. Box 4905
Beaumont, Texas 77704
(409) 835-6000
Fax (409) 813-8605

By:   /s/ Fabiana Baum
        JOE J. FISHER, II
        State Bar No. 00787471
        jfisher@pulf.com
        CHRISTOPHER T. KIRCHMER
        State Bar No.  00794099
        ckirchmer@pulf.com
        FABIANA BAUM
        State Bar No. 24101489
        fbaum@pulf.com
        ATTORNEY FOR PLAINTIFF