| | |
|---|---|
| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |

JUAN VEGA, §
　　　　　　　　　　　　　　　§
　　　　Plaintiff, §
　　　　　　　　　　　　　　　§
*versus* §　　CIVIL ACTION NO. 1:21-CV-69
　　　　　　　　　　　　　　　§
ARENDAL S. DE R.L. DE C.V., §
　　　　　　　　　　　　　　　§
　　　　Defendant. §

**MEMORANDUM AND ORDER**

Pending before the court are Plaintiff Juan Vega's ("Vega") Motion for Leave to File First Amended Complaint (#37) and Amended Motion for Authorization of Alternative Service (#39). Having considered the motions, the record, and applicable law, the court is of the opinion that Vega's motions should be granted.

I.　Background

This dispute arises from Vega's efforts to recover damages for alleged injuries he sustained while working aboard the *Texas Tobala*, a vessel owned by Arendal S. De R.L. De C.V. ("Arendal"), on or about June 16, 2016, when Vega stepped on a fire blanket and fell several feet, injuring his back and body. Vega originally filed suit on September 30, 2016, in the 58th Judicial District Court of Jefferson County, Texas. On October 21, 2016, Arendal removed the case to this court on the basis of diversity of citizenship.[1] *See* Case No. 1:16-CV-441. Interestingly, Arendal waived service in that case. In any event, on April 28, 2017, the parties submitted a

---

[1] Vega is a United States citizen and is domiciled in Port Arthur, Jefferson County, Texas; therefore, Vega is a citizen of Texas. Arendal is a construction company incorporated in Mexico, with its principal place of business in Monterrey, State of Nuevo Leon, Mexico; therefore, Arendal is a citizen of Mexico. Thus, diversity of citizenship exists between the parties.

stipulation of dismissal without prejudice, and on May 1, 2017, the court entered an Order dismissing Arendal without prejudice.

On January 17, 2019, Vega reasserted claims against Arendal and filed an Original Petition in the 58th Judicial District Court of Jefferson County, Texas.  Subsequently, Vega amended his petition four times.  Vega ultimately added the following parties: Crowley Technical Management Inc. ("Crowley"), Marine Management Services, Inc. ("Marine"), and Cal Dive International, Inc. ("Cal Dive").  On April 1, 2019, Vega served the Original Petition on Mike Bletch ("Bletch"), whom Vega believed to be Arendal's agent for service of process.  Bletch reported, at the time, that he was not Arendal's registered agent.

Thus, on April 19, 2019, Vega began the process of serving Arendal through the Hague Convention, as Arendal is a Mexican citizen.  In addition, the state court entered an order on May 17, 2019, allowing alternative means of service which included: facsimile, registered mail, and service through the Texas Secretary of State.  On October 29, 2019, Vega's attempt to serve through the Hague Convention was rejected due to an invalid numerical designation within the address provided to the State for Letters Rogatory in Mexico.  Vega, however, did not receive this notice of non-service until January 17, 2020.  Upon learning of the rejection, Vega commenced an investigation by hiring an international legal support firm, APS International, Ltd. ("APS"), to research and confirm Arendal's address.  The investigation revealed that the rejected address appeared to be the correct address but that Mexico does not have an online searchable commercial registry to verify the address.  According to Vega, the only way to verify the address definitively was to send an investigator to Mexico to confirm the address in person.  Nonetheless, due to domestic and foreign travel restrictions implemented as a result of the Coronavirus Disease 2019

("COVID-19") pandemic, Vega's efforts were thwarted. Vega attempted to hire Mexican-based investigators from approximately July 21, 2020, until January 2021, without success.

On February 18, 2021, Crowley and Marine removed the case to this court on the basis of diversity of citizenship, and, in the alternative, admiralty jurisdiction (#1). On May 25, 2021, the court entered an Order dismissing Cal Dive from the suit, without prejudice, pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i) (#14). The next day, on May 26, 2021, Vega filed a Motion for Default Judgment, contending he used several alternative methods, allowed by the state court order prior to removal, to notify Arendal of this suit. According to Vega, Arendal had "near-certain knowledge" of the suit, yet failed to answer or otherwise defend this action, warranting default judgment (#16).[2] On June 2, 2021, the court entered an Order dismissing Crowley and Marine without prejudice, also pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i), thus leaving Arendal as the only remaining defendant (#18). On June 22, 2021, Arendal filed a Rule 12(b)(4) and Rule 12(b)(5) Motion to Dismiss or Quash Service for Insufficient Process or Service (#19). Arendal argued that it never received service and attributed that to a purported defect in the summons and/or the failure to effectuate service properly through the Hague Convention. Arendal further argued that the court should quash the service of process and order Vega to serve Arendal properly within 120 days. Arendal also maintained that the case should be dismissed if sufficient service of process did not timely occur. Additionally, Arendal filed a Notice of Appearance of Counsel (#20) and a Response in Opposition to the Motion for Default Judgment (#21), contending that Vega's Motion for Default Judgment was moot and

---

[2] In the Motion for Default Judgment, Vega reported the corporate address for Arendal to be as follows: Prolongacio Los Soles No 200-302 Edifcio Mattel, IV, Colonia Valle Oriente Seccion Loma Large, 66269, San Pedro Garza Garcia, N.L., Mexico.

premature due to its failure to serve Arendal properly. Vega filed a Response to Arendal's Motion to Dismiss and a Motion for Additional Time to Serve (#22).[3] On August 3, 2021, the court denied Vega's Motion for Default Judgment, granted Arendal's Motion to Quash Service for Insufficient Process or Service, but denied Arendal's Motion to Dismiss (#24). In addition, the court granted Vega's Motion for Additional Time to Serve. The Order specifically instructed Vega "to forward a letter of request for service to the proper authority in accordance with the Hague Convention within 60 days of this order.[4] If service cannot be effected within 180 days after a proper request is submitted, the parties are to notify the court to permit an alternative means of service, as provided in Rule 4(f)(3) of the Federal Rules of Civil Procedure."

On August 18, 2021, Arendal, through attorneys David Isaak and Hector R. Chavez of the law firm Smyser Kaplan & Veselka, L.L.P. ("SKV"), filed an Unopposed Motion to Withdraw

---

[3] In the Response, Vega stated that on October 29, 2019, Licentiate Angel Alejandor Salinas Gaytan, Judge at the First Instance Court for the State for Letters Rogatory reported an attempt at service on Arendal at Prolongacio Los Soles 200 302, Valle Oriente, Seccion Loma Large, San Pedro Garza Garcia, N.L. 66269 and that service was not perfected according to the report because Number 200 302 does not exist. Because all of Vega's research indicated that Number 200 302 did exist and was the correct address, Vega requested and paid the service company, APS, to do its own search. That search produced an address including Number 200 302. As previously reported, APS indicated that Mexico does not have an online searchable commercial registry and the only way to confirm the address would be to have an investigator visit the site.

[4] The court noted that Vega showed good cause for the failure to serve, as Vega demonstrated that he diligently attempted to serve Arendal, but was thwarted due to the COVID-19 restrictions and the inability to verify and/or find Arendal's correct address, rather than due to any neglect or inadvertence on the part of Vega.

as Counsel for Arendal (#25).[5] On October 25, 2021, the court denied the motion to withdraw as counsel for Arendal, pending the appearance of replacement counsel.

On December 6, 2021, the court entered a stay in this matter to remain in place until either Arendal was properly served or until March 31, 2022, whichever was earlier (#27). The stay was continued on April 21, 2022 (#28). A summons was issued and emailed to Vega's counsel for service on Arendal on April 28, 2022 (#29). On January 23, 2023, the court ordered Vega to provide a detailed status update regarding all attempts at service on Arendal (#30). Vega filed that Status Report (#31) on February 13, 2023, providing the following update with respect to service:

> 22. On September 22, 2021, Plaintiff, having confirmed through a number of sources, including SEC filings, that at Prolongacion Los No 200-302 Edificio Mattel, IV, Colonia Valle Oriente Seccion Loma Larga, 66269, San Pedro Garza Garcia, N.L., Mexico appeared to be the correct address for ARENDAL, contacted APS to again begin another attempt to serve ARENDAL in accordance with the Hague Convention requirements.
>
> 23. On April 12, 2022, Plaintiff requested an update from APS and learned it [had] no[t] even initiated Hague service. Plaintiff then sought out and found a service company that specializes in Hague service in Mexico, Process Server One. Plaintiff hired Process Server One to expedite Hague service. As part of that effort, Plaintiff had all documents relevant to the suit against ARENDAL translated. Plaintiff did not ask for irrelevant documents such as motions to dismiss from other Defendants in the state court proceedings prior to removal to avoid thousands of dollars in unnecessary costs.
>
> 24. On the following dates Plaintiff communicated with Jim Reynolds with Process Server One regarding its efforts as [sic] Hague service on ARENDAL: June 2, 2022, June 30, 2022, July 29, 2022, August 8, 2022,

---

[5] SKV was engaged to represent Arendal by Arendal's insurance carrier RSA Insurance Group plc ("RSA"). RSA informed SKV, in writing, that it considered SKV's engagement to be discharged. Counsel informed the court that Arendal's corporate address is: Prolongación los Soles No. 200, Torre Martel IV, interior 302, Col. Valle Oriente, San Pedro Garza García, Nuevo León México. The court notes that the address reported here and used by Vega are substantively similar, with what appear to be only minor differences in how the street number and suite number are listed.

> August 9, 2022, August 16, 2022, and November 23, 2022. On each update, Jim Reynolds with Process Server One reported that they sent their liaison to the Mexican Foreign Ministry to check on status and the Ministry had not yet reviewed the submission. During this time APS stopped communicating with Plaintiff and the relationship between APS and Plaintiff was ended.
>
> 25. On December 21, 2022, Process Server One responded to a request for an update by sending their liaison to the Mexican Foreign Ministry to check the status of the case. This time Process Server One reported back that the Ministry had reviewed Plaintiff's submission and rejected it because it did not include translated versions of every document mentioned in the Notice of Removal. It was clear from the translated Notice of Removal and other translated documents, that the untranslated documents were not relevant to ARENDAL in anyway [sic]. Nevertheless, the Ministry took the opportunity to stymie service on ARENDAL.
>
> 26. Upon learning of the rejection, Plaintiff agreed to the additional $2,755.46 cost to have all the documents, relevant or not, translated and authorized spending for yet another attempt at service on ARENDAL.
>
> 27. As of the date of this filing, Process Server One is awaiting the translated documents to begin expedited Hague service.

In light of the information provided by Vega in the update, the court entered another order (#32) on February 15, 2023, giving Vega an additional six months to effect service on Arendal through the Hague Convention or some other court-approved method under Federal Rule of Civil Procedure 4(f), if applicable. The order also required Vega to provide the court with a status update every thirty days to inform the court of Vega's progress and any anticipated further delays in effecting service. Vega, as required, provided the court with monthly updates by email every thirty days and then, on June 15, 2023, filed a formal written service Status Report (#34) informing the court that a third attempt to serve Arendal through the Hague Convention had failed. According to Vega, service was attempted at an address provided by an investigator in Mexico,

but the papers were returned unserved with an indication that the process server was unsure which office Arendal occupied at the address for service.

On June 20, 2023, the court entered an order to show cause (#35) as to why the case should not be dismissed without prejudice for failure to serve Arendal within the designated time frame pursuant to Federal Rule of Civil Procedure 4. The order noted that Vega has been given over four years to effect service, but did not seek leave to request approval of alternative forms of service under Federal Rule of Civil Procedure 4(f), nor did Vega voluntarily dismiss the action. The pending motion for alternative service under Federal Rule of Civil Procedure 4(f)(3) followed.

II.   Analysis

Vega seeks authorization to pursue alternative service under Federal Rule of Civil Procedure 4(f)(3). Specifically, Vega requests an order from the court authorizing service by email to any officer or in-house counsel of Arendal. Vega states that service through a private process server is not practical as it appears that the building where Arendal maintains its office has security guards who are unlikely to allow a private process server to pass. Vega also states that while service through publication is not impractical, it is less expeditious and would be far more expensive than service by email. Given that Vega has already spent $8,418.85 while attempting service on Arendal, service by email is preferable, according to Vega.[6]

Federal Rule of Civil Procedure 4(f) governs the service of parties in foreign countries. Rule 4(f) states:

> (f) Serving an Individual in a Foreign Country. Unless federal law provides otherwise, an individual–other than a minor, an incompetent person, or a person

---

[6] Service by publication, according to Vega, is estimated to cost $995.00.

>whose waiver has been filed–may be served at a place not within any judicial district of the United States:
>
>>(1)  by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;
>>
>>(2) if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice:
>>
>>>(A) as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction;
>>>
>>>(B) as the foreign authority directs in response to a letter rogatory or letter of request; or
>>>
>>>(C) unless prohibited by the foreign country's law, by:
>>>
>>>>(i) delivering a copy of the summons and of the complaint to the individual personally; or
>>>>
>>>>(ii) using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt; or
>>
>>(3) by other means not prohibited by international agreement, as the court orders.[7]

Federal Rule of Civil Procedure 4(f).  Service on a foreign defendant by means other than those specified in Rule 4(f) is proper "when it is a court ordered method that is not prohibited by international agreement and is reasonably calculated, under the circumstances, to notify the defendant of the case and afford them an opportunity to present objections."  *Viahart, L.L.C. v. GangPeng*, No. 21-40166, 2022 WL 445161, at *3 (5th Cir. Feb. 14, 2022); FED. R. CIV. P. 4(f).

---

[7] Federal Rule of Civil Procedure 4(h) governs service of process on corporations such as Arendal. FED. R. CIV. P. 4(h).  Pursuant to Rule 4(h)(2), service of a corporation "at a place not within any judicial district of the United States" is to be conducted "in any manner prescribed" by Rule 4(f) for serving an individual "except for personal delivery under (f)(2)(C)(i)."  *Id*.

Both the United States and Mexico are signatories to the Hague Convention.[8] Where the Hague Convention applies, compliance with its terms is mandatory. *Volkswagenwerk Akteingesellschaft v. Schlunk*, 486 U.S. 694, 705 (1988). Through the Hague Convention, service on a Mexican citizen must be initiated via Mexico's "Central Authority." *Houston v. United Wis. Ins. Co.*, No. 6:22-CV-01344, 2022 WL 18144827, at *3 (W.D. La. Dec. 7, 2022). "Mexico formally objected to all alternative channels of service, including service via mail, under Article 10 of the Hague Convention." *Id.* (citing *Compass Bank v. Katz*, 287 F.R.D. 392, 396-97 (S.D. Tex. 2012)).

The Hague Convention, however, does "not apply where the address of the person to be served is not known." *RPost Holdings, Inc. v. Kagen*, No. 2:11-CV-238-JRG, 2012 WL 194388, at *1 (E.D. Tex. Jan. 23, 2012).[9] Moreover, while attempting service under the Hague Convention is not a prerequisite to requesting alternative service, the record here firmly establishes Vega's attempt to comply with the Hague Convention's prescribed means for service of process on foreign defendants in international civil suits, which were to no avail. *See Viahart*, 2022 WL 445161, at *3 (citing *Nagravision SA v. Gotech Int'l Tech. Ltd.*, 882 F.3d 494, 498 (5th Cir.) (service pursuant to the Hague Convention listed in subsection (f)(1), does not displace subsection (f)(3), which permits service by other means), *cert. denied*, 139 S. Ct. 480 (2018)); *accord Affinity Labs of Tex., LLC v. Nissan N. Am. Inc.*, No. WA:13-CV-369, 2014 WL 11342502, at *1 (W.D. Tex. July 2, 2014) ("[A] plaintiff does not have to attempt to effect service under Rule 4(f)(1) or

---

[8] *HCCH Membership*, HAGUE CONF. ON PRIV. INT'L LAW, https://www.hcch.net/en/states/hcch-members (last visited Dec. 15, 2023).

[9] Here, the address used by Vega for service in Mexico appears to be in some respect deficient.

Rule 4(f)(2) prior to requesting the authorization of an alternative method of service pursuant to Rule 4(f)(3).").

Because traditional service through the Hague Convention has proved unfruitful, the court must next consider whether Vega's proposed Rule 4(f)(3) email service comports with constitutional notions of due process. Vega proposes emailing a copy of the proposed First Amended Complaint to the same email addresses used in prior attempts at informal service: contacto@arendal.com.mx; samanta.guerra@arendal.com; pamela.farias@arendal.com; francisco.carral@arendal.com; and aldo.rodriguez@arendal.com. Vega reports that Francisco Carral appears to be the Legal Director at Arendal and Aldo Rodriguez is listed as Senior Corporate Counsel at Arendal. Vega confirms that Samanta Guerra and Pamela Farias, at one time, worked for Arendal in the legal department, but cannot confirm if they are still working at the company. Counsel for Vega also states that he has tested the email addresses by emailing another request for acceptance of informal service to all five email addresses and that none of the emails have "bounced back." Vega supports this motion by submitting Exhibit 1, a copy of the email sent, Exhibit 2, a copy of confirmation that no email "bounced back," Exhibit 3, affidavit of Christopher T. Kirchmer ("Kirchmer"), counsel for Vega, and Exhibit 4, affidavit of Michael Adams ("Adams"), a computer department employee at Mr. Kirchmer's office.

The Kirchmer affidavit outlines his efforts at serving Arendal as discussed in detail above. The affidavit also incorporates Exhibit A to Plaintiff's Service Update filed February 13, 2023, which provides even more detail as to Vega's efforts at service. As to his request for alternative service, Mr. Kirchmer avers that he tested the above emails by requesting acceptance of informal service and that none of the emails "bounced back." In addition, the affidavit of Adams, a

computer department employee at Mr. Kirchmer's office, avers that no emails "bounced back" and that "[t]he lack of any incoming emails containing the word 'Arendal' is confirmation that there was no bounce back of Mr. Kirchmer's August 16, 2023 email to the arendal.com email addresses."[10]

Many courts "have permitted service by email and determined that an objection to Article 10 of the Hague Convention, *i.e.* an objection through 'postal channels' does not equate to an express objection to service via electronic mail." *Stat Med. Devices, Inc. v. HTL-STREFA, Inc.*, No. 15-20590-CIV, 2015 WL 5320947, at *3 (S.D. Fl. Sept. 14, 2015) (citing *Rio Prop., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1015 (9th Cir. 2002); *Lexmark Int'l, Inc. v. Ink Techs Printer Supplies, LLC*, 295 F.R.D. 259, 261 (S.D. Ohio 2013); *Gurung v. Malhotra*, 279 F.R.D. 215, 220 (S.D.N.Y. 2011)); *see also Prem Sales, LLC v. Guangdong Chigo Heating & Ventilation Equip. Co., Ltd.*, 494 F.Supp.3d 404, 414 (N.D. Tex. Oct. 14, 2020) (collecting cases). While this court acknowledges that many other courts have reasoned that an objection to postal channels includes email service, the United States Court of Appeals for the Fifth Circuit in *Viahart*, specifically condoned its use against a foreign defendant, noting that the appellants failed to show that email service was prohibited by international agreement. 2022 WL 445161, at *3.[11]

Thus, the record before the court demonstrates that Vega has made diligent efforts to serve Arendal pursuant to the Hague Convention without success. Although less than clear, it appears that there is an error in the corporate address reported for Arendal. Vega has thus shown that the

---

[10] The only inbound email Mr. Kirchmer received between the period of August 10, 2023, and August 23, 2023, that contained the word "Arendal" was an email from court staff.

[11] There was no indication in *Viahart* that service through the Hague Convention was even attempted.

Hague Convention is no longer applicable and service pursuant to Rule 4(f)(3) is proper. As outlined above, Vega requests the court's permission to use email addresses for corporate legal counsel utilized in a prior iteration of this case and also discovered through the corporate website.[12] Courts have routinely directed service on an international defendant's counsel under Rule 4(f)(3) "even if counsel has not been expressly authorized to accept service on the defendant's behalf." *Terrestrial Comms. LLC v. NEC Corp.*, No. 6:20-CV-00096-ADA, 2020 WL 3452989, at *4 n.6 (W.D. Tex. June 24, 2020) (collecting cases). "Effecting service of process on counsel 'erases any material doubt that [the defendant] will be provided with notice of the suit.'" *Id*. (citing *Huawei Techs. USA, Inc. v. Oliveira*, No. 4:19-CV-229-ALMKPJ, 2019 WL 3253674, at *3 (E.D. Tex. July 19, 2019) (quoting *WorldVentures Holdings, LLC v. Mavie*, No. 4:18-CV-393, 2018 WL 6523306, at *14 (E.D. Tex. Dec. 12, 2018)). The question is whether service is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950). The email addresses have recently been tested and the messages are presumed to have been delivered because none "bounced back" as undeliverable. *See Fed. Trade Comm'n v. EMP Media, Inc.*, No. 2:18-CV-35-APG-NJK, 2018 WL 664796, at *2 (D. Nev. Feb. 1, 2018) (citing *Toyo Tire & Rubber Co., Ltd. v. CIA Whell Grp.*, No. SA CV 15-0246-DOC, 2016 WL 1251008, at *3 (C.D. Cal. Mar. 25, 2016) (finding that an email is presumed delivered when it is not returned as undeliverable)). Here, on the

---

[12] The email address contacto@arendal.com.mx is what is found on Arendal's main webpage as the contact for Headquarters in Nuevo Leon, Mexico. *See Contact Us,* ARENDAL, EXECUTION YOU CAN TRUST, https://arendal.com.mx/en/contacto/ (last visited Dec. 15, 2023).

present facts, service of process by email is reasonably calculated to notify Arendal of this suit and provide it an opportunity to object.[13]

Furthermore, given the length of time this case has been pending in both state and federal court and the unusual difficulties Vega has experienced in attempting to serve Arendal to date through the Hague Convention, the court finds that concurrent service by email **and** publication is warranted.[14] "By its own terms, the 'Hague Convention does not specifically preclude . . . . publication service.'" *UnderSea Recovery Corp. v. Madero Holding, S.A. De C.V.*, No. 1:19-CV-00286-SDG, 2020 WL 13544376, at *3 (N.D. Ga. May 19, 2020) (quoting *Chanel, Inc. v. feiwu1*, No. 18-CV-60627, 2018 WL 7080028, at *1 (S.D. Fla. Mar. 27, 2018)); *accord Intercontinental Indus. Corp. v. Luo*, No. 10-4174-JST (Ex), 2011 WL 221880, *2 (C.D. Ca. Jan. 20, 2011) ("[T]he Hague Convention does not prohibit service by publication."); *Saadat v. Ukraine Int'l Airlines*, No. 3:22-CV-00014-H-JLB, 2022 WL 20717357, at *2 (S.D. Ca. Oct. 17, 2022) (collecting cases). The Supreme Court has held that service by publication is a valid means of providing notice to a defendant when personal service is not feasible. *Mullane*, 339 U.S. at 314. Furthermore, "[f]ederal courts have expressly recognized the validity of service by publication on an international defendant under similar circumstances when other means have failed." *UnderSea Recovery Corp.*, 2020 WL 13544376, at *3 (collecting cases); *Rauh v. Zhen*, No. 5:23-CV-2272, 2023 WL 8781731, at *3 (N.D. Ohio, Dec. 19, 2023) (collecting cases).

---

[13] The court notes that the record reflects that Arendal has had notice of this suit since at least June 22, 2021, the date Arendal filed a Rule 12(b)(4) and a Rule 12(b)(5) Motion to Dismiss or Quash Service for Insufficient Process or Service (#19).

[14] The court acknowledges the additional expense in serving through publication, but believes concurrent alternative forms of service is prudent in this context.

13

Here, the court finds that service by publication in *El Norte*, a newspaper of general circulation in the City of San Pedro Garza García in the State of Nuevo León, Mexico, is reasonably calculated to apprise Arendal of this action and afford it the opportunity to object. *Mullane*, 339 U.S. at 314. The record reflects that Vega has diligently attempted to serve Arendal through the Hague Convention, or otherwise locate Arendal, and that its address is apparently unknown. Service through publication in Spanish in *El Norte* is likely to reach Arendal, as it is reasonable to believe Arendal is aware of this action and has been for some time. *UnderSea Recovery Corp.*, 2020 WL 13544376, at *4.

III.  Conclusion

Consistent with the foregoing analysis, Vega's Amended Motion for Authorization of Alternative Service (#39) is GRANTED. Vega has sixty (60) days to effect alternative service upon Arendal through concurrent service by email and publication. Both methods of service must be used and proof of both must be provided to the court.

The email sent for this purpose must include the same information that would be delivered if traditional in-person service were possible and must be sent to contacto@arendal.com.mx; samanta.guerra@arendal.com; pamela.farias@arendal.com; francisco.carral@arendal.com; and aldo.rodriguez@arendal.com email addresses.

The notice for publication must be in Spanish and shall include the name of the court and the civil action number, the names of the parties, a description of the allegations against Arendal, the time within which Arendal is required to answer, 45 days after publication, and notice that failure to file an answer may result in the entry of default judgment against Arendal. The notice by publication shall be published in *El Norte*, a newspaper of general circulation in the City of San

Pedro Garza García in the State of Nuevo León, and shall be published once a week, for four consecutive weeks. The first publication must be at least twenty-eight (28) days before the return day of the citation. All costs for service and publication shall be borne by Vega.

Upon completion of such alternative service by email and publication, Vega shall file with the Clerk of Court a notice supported by a sworn personal declaration as to the completion of such alternative service, together with a copy of the email and notice as sent and such supporting receipts and/or other relevant documents, all of which shall make clear the ways and means—together with the effective date—of such service upon Arendal.

It is, further,

ORDERED that Vega's Motion for Leave to File First Amended Complaint (#37) is GRANTED and Vega's Motion for Authorization for Alternative Service and Response to Order to Show Cause (#36) is DENIED as MOOT.

SIGNED at Beaumont, Texas, this 12th day of January, 2024.

_Marcia A. Crone_
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE