**UNITED STATES DISTRICT COURT**　　　　**EASTERN DISTRICT OF TEXAS**

| | | |
|---|---|---|
| JUAN VEGA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| *versus* | § | CIVIL ACTION NO. 1:21-CV-69 |
| | § | |
| ARENDAL S. DE R.L. DE C.V., | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND ORDER

Pending before the court is Plaintiff Juan Vega's ("Vega") Motion for Default Judgment (#49). Having considered the motion and the evidence presented at the evidentiary hearing, the court is of the opinion that Vega's motion should be granted and that damages should be awarded to Vega in the amount of $786,984.73, along with pre-judgment and post-judgment interest.

## DEFAULT JUDGMENT

This dispute arises before the court from Vega's efforts to recover damages for injuries he sustained while working aboard the *Texas Tobala*, a vessel owned by Arendal S. De R.L. De C.V. ("Arendal"). On or about June 16, 2016, Vega stepped on a fire blanket that covered a hole in the deck and fell several feet, injuring his back and body (#38). Vega originally filed suit against Arendal in Texas state court for negligence. The case was removed to this court on the basis of diversity jurisdiction (#1).

After three attempts at serving Arendal through the Hague Convention, Vega sought authorization for alternative service, which was granted on January 12, 2024 (#41). Pursuant to the Order, concurrent service was effected by email and publication (#43), yet Arendal failed to answer or otherwise appear. Vega requested the Clerk of Court's entry of default on May 23,

2024 (#45).  Vega submitted an affidavit in support, stating that Arendal is not currently serving in the military and is neither an infant nor an incompetent person (#46).  The Clerk of Court properly entered default against Arendal on May 28, 2024 (#47).  Vega then filed the pending Motion for Default Judgment on June 6, 2024 (#49).  The court scheduled a default judgment hearing on July 1, 2024 (#51) and sent notification to Arendal via Federal Express and by email (#52).  Arendal failed to appear or otherwise avail itself of this additional opportunity to answer.

While a default by a defendant fixes liability, it does not establish facts relating to damages. *U.S. For Use of M-CO Constr., Inc. v. Shipco Gen., Inc.*, 814 F.2d 1011, 1014 (5th Cir. 1987).  Consequently, "[a] judgment by default may not be entered without a hearing unless the amount claimed is a liquidated sum or one capable of mathematical calculation."  *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979); *accord James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993); *Freilich v. Green Energy Resources, Inc.*, 297 F.R.D. 277, 280 (W.D. Tex. Jan. 16, 2014).  An evidentiary hearing on Vega's damages was convened on August 30, 2024 (#53).[1]  At the hearing, Vega testified that, as the result of Arendal's negligence, he sustained damages totaling $786,984.73.  Vega filed Proposed Findings of Fact and Conclusions of Law on October 2, 2024, as ordered by the court (#56).  The court now enters the requisite Findings of Fact and Conclusions of Law.

## FINDINGS OF FACT

1.    By way of Vega's Third Amendment Complaint filed January 19, 2021, in Jefferson County, Texas, Vega sued Arendal, Cal Dive International, Inc. ("Cal Dive"), Crowley

---

[1] While proof of liability facts are not technically required in support of default judgment, the court requested the presentation of liability facts to supplement the record.

Technical Management, Inc. ("Crowley"), and Marine Management Services, Inc. ("Marine Management") under general civil and maritime law (#1, Ex. H).[2]

2.  On February 18, 2021, Marine Management and Crowley removed the case to the Eastern District of Texas, Beaumont Division (#1).

3.  On May 25, 2021, the court dismissed Vega's claims against Cal Dive without prejudice (#15).

4.  On June 2, 2021, the court dismissed Vega's claims against Crowley and Marine Management with prejudice (#18).

5.  Vega moved for Default Judgment as to Arendal on May 25, 2021 (#16).

6.  On June 22, 2021, Arendal moved to dismiss or quash service for insufficient service of process (#19).

7.  On August 3, 2021, the court denied the Motion for Default Judgment and granted the Motion to Quash (#24). The court also granted Vega's request for additional time to serve Arendal. The court instructed Vega to forward a letter of request for service to the proper authority in accordance with the Hague Convention within 60 days of the order. The court also directed Vega to notify the court if service could not be effectuated within 180 days after a proper request was submitted so that the court could authorize an alternative means of service.

8.  On October 25, 2021, the court denied Arendal's Unopposed Motion to Withdraw as Counsel (#26).[3]

9.  The case was stayed pending service on December 6, 2021 (#27).

10. On January 23, 2023, the court ordered Vega to provide a status update as to service (#30).

11. Vega submitted the Status Update on February 13, 2023, providing a twelve-page log of detailed events related to Vega's attempts at service (#31).

---

[2] The Third Amended Complaint filed in state court was actually Vega's Fourth Amended Complaint but was mislabeled.

[3] Counsel for Arendal advised the court that the insurance carrier considered their engagement to be discharged.

3

12.   On February 15, 2023, the court ordered Vega to effect service on Arendal through the Hague Convention or some other court-approved method under Federal Rule of Civil Procedure 4(f), if applicable, within six months of entry of the order (#32).

13.   Vega filed a Status Report on June 15, 2023, informing the court that, once again, attempts to serve Arendal through the Hague Convention failed (#34).

14.   The court entered a Show Cause order on June 20, 2023, requiring Vega to show cause as to why the case should not be dismissed without prejudice for failure to serve within the designated time frame pursuant to Federal Rule of Civil Procedure 4, as Vega failed to move for leave for court approval of alternative forms of service and failed to move to dismiss this action voluntarily (#35).

15.   On July 10, 2023, Vega moved for Authorization for Alternative Service (#36), filed an Amended Complaint (#38), and an Amended Motion for Authorization for Alternative Service (#39).

16.   In the Amended Complaint, Vega asserts diversity jurisdiction and sued Arendal for negligence for (a) failing to foresee the likelihood of injury imposed by its respective agents, servants and/or employees, (b) failing to control the conduct of its respective agents, servants and/or employees, (c) failing to use ordinary care in training their crew members and/or employees, (d) failing to use ordinary care in supervising the crew members and/or employees, (e) failing to implement or install proper safety devices to prevent foreseeable injury to the crew members and/or contractors and/or others, (f) failing to provide a reasonably safe workplace for the crew members and/or independent contractor and/or others, (g) failing to inspect the premises for hazardous conditions, (h) failing to provide sufficient lighting in the engine room, (i) failing to warn of latent and/or hidden dangers and/or hazardous conditions, and (j) committing various acts and/or omissions of negligence, both statutory and common law, to be specified in detail at the time of trial (#38).

17.   In the Amended Complaint, Vega alleges that on June 16, 2016, he stepped on a fire blanket that was covering a hole in the deck while walking through the engine room aboard the vessel known as the *Texas Tobala*.  Vega fell several feet to the deck below and injured his back, right knee, and body generally.  At the time of the incident, Vega was employed by Gulf Copper & Manufacturing Corporation and was working as a welder aboard the vessel owned by Arendal under the direction of the vessel's captain and/or crew members (#38).

18.   Vega asserts damages as a proximate result of Arendal's negligence in the form of: (a) past medical bills and expenses, (b) future medical bills and expenses, (c) mental anguish, physical pain and suffering, loss of enjoyment of life in the past and future, (d) physical

4

impairment in the past and future, (e) loss of wages and loss of earning capacity, and (e) pre-judgment and post-judgment interest (#38).

19.   On January 12, 2024, the court granted Vega's Amended Motion for Authorization of Alternative Service (#41).

20.   Summons was reissued as to Arendal on March 1, 2024 (#42).

21.   On March 12, 2024, Vega filed a Notice of Service informing the court that service was effected by email and publication as authorized by the January 12, 2024, order (#43).

22.   On May 22, 2024, the court ordered Vega to Show Cause as to why default judgment should not be entered in this matter and/or why the case should not be dismissed for want of prosecution pursuant to Federal Rule of Civil Procedure 41(b) (#44).

23.   Vega filed a request for entry of default on May 23, 2024 (#45), along with an affidavit in support (#46).

24.   The Clerk of Court entered default on May 28, 2024 (#47).

25.   Vega filed a Motion for Default Judgment on June 6, 2024 (#49).

26.   The court scheduled the Motion for Default Judgment for hearing on August 30, 2024 (#51).

27.   Arendal received notice of the hearing (#52).

28.   The hearing proceeded on August 30, 2024.  Vega was present and put on testimony in support of his complaint.  Arendal did not appear or otherwise answer the complaint.

29.   Vega's testimony establishes the following facts:

   a.   Vega was 38 years old at the time of the accident on June 16, 2016, working for Gulf Copper & Manufacturing as a welder on the *Texas Tobala,* which was anchored at the time and owned by Arendal (#54 at pgs. 6, 13, 18).

   b.   Vega was working with two coworkers from Gulf Copper alongside crew from the *Texas Tobala* in the engine room where the visibility was minimal.  *Id*. at pgs. 6-7.

   c.   After turning around in a hallway, Vega stepped on a fire blanket that was covering a hole in the deck which caused him to fall.  *Id*. at pgs. 6-7.

d.      The *Texas Tobala* crew was aware of the hole in the deck but there were no barricades or warning signs about the potential hazard.  *Id*. at pgs. 8-10.

e.      In Vega's experience, any hole in a deck on a ship was barricaded or protected with warning signs.  *Id*. at pgs. at 9 & 62-63.

f.      In Vega's experience, the crew of a ship should perform a walk-around and ensure that the vessel was safe for contractors before bringing them on the vessel. *Id*. at pgs. 63-64.

g.      When Vega slipped as a result of stepping on the hole covered with a fire blanket, his back hit a valve.  Vega suffered injuries to his low back, right foot, and right knee as a result of the fall.  *Id*. at pgs. 11; 13-14.

h.      Arendal, through its agents and employees, breached the "turnover duty" by failing to exercise ordinary care to avoid turning over a vessel with a dangerous condition that was known, or should have been known, by failing to place a barricade or warning around the hole in the deck that was obscured by the fire blanket.

i.      Arendal, through its agents and employees, breached the "active control duty" by failing to exercise reasonable care to avoid exposing Vega to the hazards associated with the obscured hole in the deck while it continued to work in and maintain control over the area within which Vega was injured.

j.      Arendal's negligence proximately caused injuries and damages to Vega.

k.      As a result of the injuries sustained in the accident, Vega was out of work from June 16, 2016, through August 21, 2021.  *Id*. at pg. 42.  At the time of the accident, Vega's hourly wage was $21.00 per hour.  *Id*. at pg. 40; Exhibit 21.  At the time of the accident, Vega generally worked 50 to 60 hours per week.  *Id*. at pgs. 40-41.  Vega sustained damages of loss of income in the amount of $302,400.00.  *Id*. at pg. 53.

l.      Vega did not assert lost earning capacity.  *Id*. at pg. 52.

m.      Vega sustained reasonable and necessary medical expenses in the amount of $57,684.73.  *Id*. at pg. 54, Exhibit 10.

n.      Vega's treating physician recommended future surgery in the amount of $78,500.00, related therapy at $7,500.00, and a brace at the cost of $900.00.  *Id*. at pgs. 29-30, 55; Exhibit 5.  Vega plans to get the surgery and follow-up care if he has the means to do so.  *Id*. at pg. 55.  Vega's total reasonable and necessary future medical expenses are $86,900.00.  *Id*. at pg. 54, Exhibit 5.

o.    Vega suffered significant physical impairment or disability in the past in the amount of $170,000.00.  *Id*. at pgs. 57-58; Exhibits 2-10.

p.    Vega did not assert future physical impairment or disability.  *Id*. at pgs. 57-58.

q.    Vega suffered mental and psychological distress as a result of the accident and his inability to work and provide financial support for his family or participate with his family, including not being able to maintain martial intimacy due to his injuries. Vega was treated for depression with prescribed medication.  *Id*. at pgs. 38-39, 56-57.  Vega incurred past mental anguish and psychological damages in the amount of $170,000.00

r.    Vega did not assert future mental and psychological distress.

s.    Vega's total damages as a result of the accident are $786,984.73.

## CONCLUSIONS OF LAW

1.    This court has subject matter jurisdiction over this case under 28 U.S.C. § 1332 as there was complete diversity between the parties at the time of removal and under 28 U.S.C. § 1333, as the events made the basis of Vega's claim occurred aboard a vessel on navigable waters.

2.    Vega was a ship repairman covered by the Longshore and Harbor Worker's Compensation Act ("LHWCA") (33 U.S.C. § 902(3)).

3.    Arendal, by failing to answer suit or otherwise defend itself, is in default and is, therefore, liable to Vega.  FED. R. CIV. P. 55(a).

4.    Vega's damages are not liquidated and must be established through the presentation of evidence.  Fed. R. Civ. P. 55(b)(2).

5.    Arendal had the following duties to Vega under the LHWCA (33 U.S.C. § 905(b)): (1) a "turnover duty," under which a vessel owner may be liable if the owner fails to turn over the vessel and its equipment in such a condition that an experienced contractor could safely conduct its operations, (2) an "active control duty," which requires the vessel owner to remedy hazards under the vessel owner's active control, and (3) a "duty to intervene," under which the vessel owner must intervene when it knows that an unreasonably dangerous conditions has developed and that the contractor cannot be relied upon to protect its employees.  *Kirksey v. Tonghai Maritime*, 535  F.3d 388, 391 (5th Cir. 2008) (citing *Howlett v. Birkdale Shipping Co., S.A.*, 512 U.S. 92, 98 (1994) and generally *Scindia Steam Navigation Co., Ltd., v. De Los Santos*, 451 U.S. 156 (1981)).

6.    Vega is entitled to tort damages for the injuries sustained resulting from the negligence of Arendal under 33 U.S.C. § 905(b).  *See Hall v. Hvide Hull No. 3*, 746 F.2d 294, 296-97 (5th Cir. 1984).

## ORDER

For the foregoing reasons, this court finds an entry of default judgment against Arendal is proper, thus entitling Vega to $786,984.73 in damages in addition to pre-judgment and post-judgment interest.  Vega's Motion for Default Judgment (#49) is GRANTED.  Any relief not expressly granted is denied.

SIGNED at Beaumont, Texas, this 11th day of December, 2024.


_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE

8