UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| **JUAN VEGA** <br>          **Plaintiff,** <br><br> v. <br><br> **ARENDAL S. DE R.L. DE C.V.,** *ET AL* <br>          **Defendants.** | **NO.  1:21-cv-00069** |

## SUPPLEMENT TO DEFAULT JUDGMENT MOTION REGARDING JUDGMENT INTEREST

Plaintiff, Juan Vega comes before the Court presenting his judgment interest calculations in compliance with the Court's order and would show the Court the following:

Prejudgment Interest

1. There is no statute defining a specific method of calculating prejudgment interest on judgments entered by federal courts, but prejudgment interest should return the plaintiff to the position it would have been in had the defendant compensated it immediately after injuring it.

2. The Fifth Circuit has held that in the absence of federal law governing prejudgment interest, the Court should look to state law. *Perez v. Bruister*, 823 F.3d 250, 274 (5th Cir. 2016) (explaining that in the absence of federal law governing prejudgment interest rates, courts look to state law).

3. The rate of Fifth Circuit has also affirmed the award of prejudgment interest at a rate higher than the applicable federal post-judgment interest rate. The court said it was not persuaded that the Texas legislature intended to limit the recipient of a damages award to a prejudgment interest to a rate less than what is defined by Tex. Fin. Code Ann. 304.003 simply

because its case was tried in federal court. *Fed. Sav. & Loan Ins. Corp. v. Tex. Real Est. Couns., Inc.*, 955 F.2d 261, 270 (5th Cir. 1992).[1]

4.      Texas law provides that the prejudgment interest rate on personal injury cases is equal to the post judgement interest rate as calculated and published by the Texas Consumer Credit Commissioner. Tex. Fin. Code Ann. 304.103 and Tex. Fin. Code Ann. 304.004. For judgments entered during the period of December 1, 2024 and December 31, 2024, that rate is 7.75%. Exhibit 1.

5.      Prejudgment interest begins on the earlier of 180 days after notice of the claim or the date suit was filed and does not compound. Tex. Fin. Code Ann. 304.104.

6.      In this case, there is no indication Defendant had notice before suit was filed on January 17, 2019, so interest should run from that date until the date of the judgment. Assuming entry of the Judgment on December 20, 2024, Plaintiff would be entitled to 5.92 years of interest.

7.      The Court found damages of $786,984.73. Simple interest on $786.984.73 at a rate of 7.75 over 5.92 years can be calculated as follows: $786.984.73 x 7.75% x 5.92. Broken down, that is $786,984.73 x 7.75% = $60,991.32 per year multiplied by 5.92 years = $361,068.59 in total interest.

8.      The proper amount of the judgment including prejudgment interest is calculated as follows: $786.984.73 + 361,068.59 = 1,148,053.32.

## POST-JUDGMENT INTEREST

9.      Judgments in federal courts accrue interest at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding. 28 U.S.C. 1961 (a).

---

[1] The applicable rate for prejudgment interest in this case is 7.75% simple interest under Tex. Fin. Code Ann. Chapter 304 while the applicable post-judgment interest under 28 U.S.C. 1961 is 4.24% compounded annually.

10. For the week ending December 13, 2024, the 1-year constant maturity Treasury yield was 4.24%. Exhibit 2.

11. Post-judgment interest on federal judgments compounds annually. 28 U.S.C. 1961(b).

12. The judgment in this case should be for $1,148,053.32 with post-judgment interest accruing at a rate of 4.24% compounded annually until the judgment is paid.

Dated: December 17, 2024

>
> Respectfully submitted,
>
> PROVOST ✯ UMPHREY LAW FIRM, L.L.P.
>
> By:  /s/ *Christopher T. Kirchmer*
> Christopher T. Kirchmer
> 350 Pine Street, Suite 1100
> Beaumont, Texas 77701
> Phone: (409) 835-6000
> Fax: (409) 838-8846
> Email: ckirchmer@pulf.com
>
> ATTORNEY FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I, the undersigned counsel, hereby certify that I have on this 17th day of December 2024 electronically filed the above and foregoing with the Clerk of the U.S. District Court, via CM/ECF, which will send copies thereof to all counsel of record.

> By: /s/ *Christopher T. Kirchmer*
> Christopher T. Kirchmer